UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL W FRISCH,

    Petitioner,

                                       Case No. 13-CV-1443-PP

v.

MARC CLEMENTS,

    Respondent.

**DECISION AND ORDER DENYING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT NO. 1)**

On December 26, 2013, petitioner Daniel Frisch, representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, seeking relief from the sentence imposed pursuant to his 2010 conviction in Manitowoc County Circuit Court. Dkt. No. 1. The petitioner challenges his sentence on two grounds: (1) he argues that the admission of an anonymous witness' statements through the arresting officer violated the rules of evidence; and (2) he argues that the admission of the anonymous witness' statement through this officer violated his Sixth Amendment right to confrontation. Id. at 3. For the reasons explained below, the court denies the petition.

1

## I. FACTUAL BACKGROUND

### A. The Facts At Trial

On December 14, 2010, the Manitowoc County Circuit Court entered a judgment of conviction against the petitioner for operating a motor vehicle under the influence with an enhancer (12th offense), pursuant to Wis. Stat. §§346.63(1)(a) and 346.65(2)(g)2. Dkt. No. 12-1 at 1. The circuit court sentenced him to seven years of confinement and five years of extended supervision. Id.

At the trial, despite the petitioner's motion *in limine,* the arresting officer testified about the arrest, including statements made to him by an anonymous witness. Dkt. No. 12-5 at ¶6; Dkt. No. 13 at 1. The officer testified to the following facts: in the course of responding to a 911 call about an erratic driver, the officer was approached by an unidentified man who told the officer that he had seen a black pickup truck driving on the wrong side of the road, that it almost hit the gas pumps at a gas station, that he recognized the driver as "Dan," and that the driver appeared to be intoxicated when he got out of the truck. Dkt. No. 12-5 at 2. The man also provided two possible addresses at a trailer park where he believed the petitioner might live. Id. The officer had dispatch cross-check the name "Dan" with the addresses the anonymous witness had provided, and obtained a match. Id. He then went to the trailer park, where he observed the petitioner standing next to the petitioner's open car door. Id. at 2-3. The officer asked the petitioner some questions, to which

2

the petitioner responded that he had recently returned from renting an apartment and he was the only one in the car. Id. Due to the petitioner's drunken behavior, the officer transported him to the police department to perform sobriety tests. Id. at 3. The petitioner had a blood alcohol level of 0.218. Id. At the station, the petitioner commented that he may have been driving on the wrong side of the road while changing his radio. Id.

    B.    The Appeals

On January 25, 2012, the petitioner filed a direct appeal from the conviction, arguing that the admission of the anonymous witness' statement was contrary to the rules of evidence and violated his federal and state constitutional rights to confrontation. Dkt. No. 1 at 3. Affirming the circuit court, the state appellate court found that court had admitted the informant's statements to show why the officer had gone to the petitioner's house, and that the court had instructed the jury regarding the proper use of the statements. Dkt No. 12-5 at ¶9. The state appellate court also found that even if the informant's statements were hearsay, their admission was, at most, harmless error, because the petitioner had failed the sobriety test and admitted to the officer that he had been driving on the wrong side of the road. Id. at ¶¶10, 13. On May 3, 2013, the petitioner sought review from the Wisconsin Supreme Court on the Confrontation Clause issue. Dkt. No. 1 at 3. The Wisconsin Supreme Court denied the petition on September 17, 2013. Dkt. No. 12-8 at 1. The petitioner filed this *habeas* case on December 26, 2013. Dkt. No. 1.

C. The Proceedings in This Court

In his May 5, 2014 screening order, Judge Clevert determined that the petitioner had exhausted his state remedies, and ordered the respondents to file an answer. Dkt. No. 8 at 3. The case was reassigned to this court on December 29, 2014. The petition is fully briefed. Because the state appellate court's ruling is not an unreasonable application of federal law, nor an unreasonable determination of the facts, the court will deny the petition.

**II. ANALYSIS**

A. Exhaustion of State Court Remedies

Initially, the court will address the respondent's argument that the petitioner procedurally defaulted his claim that the admission of the informant's statement was contrary to the rules of evidence by not presenting this claim to the Wisconsin Supreme Court. Dkt. No. 15 at 14. In his brief to the Wisconsin Supreme Court, the petitioner clearly challenges the "law specific to this method of admitting evidence" (i.e. the hearsay exception under which the statements were admitted) as contrary to the confrontation clause. Dkt. No. 12-6 at 8. See Toney v. Franzen, 687 F.2d 1016, 1022 (7th Cir. 1982) ("It is sufficient that the 'substantial equivalent' or 'substance' of the federal habeas corpus claim has been presented.") Even if he had not made that challenge in his Supreme Court brief, this court may review state law evidentiary determinations only to the extent that they affect a federal right. Ruhl v. Hardy, 743 F.3d 1083, 1098 (7th Cir. 2014). Thus, even if the petitioner failed to argue to the Supreme Court that the admission of the

4

statement violated Wisconsin evidence rules, that failure would not prevent this court from reviewing the constitutional claim, because the exhaustion rule is "designed to give the state courts a full and fair opportunity to resolve *federal* constitutional claims before those claims are presented to federal courts . . . ." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)(emphasis added). The court finds, therefore, that the petitioner did exhaust his remedies on this claim.[1]

B.      Standard for Granting a §2254 Petition

To prevail on a petition for writ of *habeas corpus*, the petitioner must show that he is in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. §2254(d). If the state appellate court has ruled on the merits of the claims, then the petitioner must go a step further, and show that his detention is the result of a state court decision that was (a) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (b) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id.; see Gonzales v. Mize, 565 F.3d 373, 379 (7th Cir. 2009) ("We review the decision of the last state court that substantively adjudicated each claim."). This standard is highly deferential to state courts. Carter v. Tegels, Case No. 11-cv-00320-wmc, 2013 WL 5570294, *2 (W.D. Wis. Oct. 9, 2013) (citing Harrington v. Richter, 562 U.S. 86, 101 (2011)). The state appellate court's ruling must be "objectively unreasonable, not merely wrong; even clear error will not suffice." White v. Woodall, --U.S.--, 134 S. Ct. 1697,

---
[1] Judge Clevert already had decided as much in his screening order, as the petitioner points out in his reply brief. Dkt. No. 16 at 2-3.

1702 (2014) (quoting Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)(internal quotations omitted)). Essentially, the ruling must have been "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103.

A federal *habeas* court generally does not reexamine state-court determinations on state law questions. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see Ruhl, 743 F.3d at 1098 (citations omitted) (noting that as a general rule, federal *habeas* courts cannot overturn evidentiary determinations made by state courts). "Only in very rare cases where the state court's resolution of the evidentiary dispute was clearly unreasonable or otherwise implicates federal constitutional rights" has the Seventh Circuit "granted *habeas* relief on state law evidentiary questions." Id. Because the evidentiary question in this case is related to the petitioner's federal Sixth Amendment to confront the witnesses against him, the court will review the state court's determination that admission of the statement did not violate the petitioner's Sixth Amendment right to confrontation.

    C.    <u>Federal Rulings on the Confrontation Clause and Hearsay</u>

"The Sixth Amendment affords an accused the right 'to be confronted with the witnesses against him.'" Luchinski v. Pollard, No. 10-C-980, 2015 WL 5010403, *14 (E.D. Wis. August 20, 2015). This portion of the Sixth Amendment, referred to as the Confrontation Clause, "guarantees criminal defendants the benefit of the 'principal means by which the believability of a

6

witness and the truth of his testimony are tested,'... subjecting that testimony to 'the crucible of cross-examination.'" Jones v. Basinger, 635 F.3d 1030, 1040 (7th Cir. 2011) (citations omitted). Accordingly, "the Sixth Amendment bars the admission of 'testimonial hearsay' against a criminal defendant unless (1) the declarant is unavailable at trial; and (2) the defendant had a prior opportunity to cross-examine that declarant." Id. at 1041 (citing Crawford v. Washington, 541 U.S. 36, 68 (2004)).

The Supreme Court has held that "[s]tatements taken by police officers in the court of interrogations are . . . testimonial even by a narrow standard." Crawford v. Washington, 541 U.S. at 52. The Court further held that "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." Id. at 59. In this case, the anonymous witness made the statement to the police officer and was not present at the trial, and the petitioner did not have a prior opportunity to cross-examine the anonymous witness.

The United States Court of Appeals for the Seventh Circuit has recognized a limited exception to the prohibition against admission of testimonial hearsay. When the reasons for police actions are relevant, a witness can testify about what information prompted those actions, including out-of-court statements. Carter v. Douma, 796 F.3d 726, 736 (7th Cir. 2015); Carter v. Tegels, 2013 WL 5570294 at *3 ("An informant's out-of-court statement to law enforcement is not hearsay if that statement is offered into evidence as 'an

7

explanation of why the [subsequent] investigation proceeded as it did.'"). "This approach is consistent with the Confrontation Clause, which 'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.'" Carter v. Douma, 796 F.3d at 736 (citing Crawford, 541 U.S. at 59 n.9). The Seventh Circuit "[has] rejected Sixth Amendment claims premised on [the course of investigation] on the grounds that non-hearsay use of such statements does not violate the confrontation clause." Jones, 635 F.3d at 1045.

The circuit court has cautioned that "such 'course of investigation' evidence usually has little or no probative value, [and] the dangers of prejudice and abuse posed by the 'course of investigation' tactic are significant." Id. at 1046. Consequently,

> [a] legitimate non-hearsay purpose most certainly does not open the door for law enforcement officers to "narrate the course of their investigations, and thus spread before juries damning information that is not subject to cross-examination." [United States v.] *Silva,* 380 F.3d [1018,] at 1020 [(7th Cir. 2004)]. Nor is it necessary to put before the jury extensive "eyewitness accounts of bad acts by the defendant that the jury would not otherwise have heard." *United States v. Price,* 458 F.3d 202, 210 (3d Cir.2006). Unless the testimony at issue "clarif[ies] noncontroversial matter without causing unfair prejudice on significant disputed matters," [United States v.] *Reyes,* 18 F.3d [65,] at 70 [(2d Cir. 1994)], the best course of action is to exclude the evidence altogether. If some brief item is truly necessary, the court should redact a lengthy out-of-court statement to the extent needed to ensure that its actual evidentiary function is only the legitimate one for which it is being admitted. [United States v.] *Price,* 458 F.3d [202,] at 210 [(3d Cir. 2006)]; see 2 McCormick on Evidence § 249 ("[A] statement that an

8

> officer acted 'upon information received,' or words to that effect, should be sufficient.").

Id., at 1047. Essentially, if the state court appropriately limited the use of the statement, instructed the jury, and/or pointed to evidence of the petitioner's guilt that made the court confident that the verdict was not affected by use of the hearsay, the state court ruling was not contrary to, or an unreasonable application of, federal law. See id.; Carter, 796 F.3d at 737.

    D.    <u>The Court Agrees with the Court of Appeals' Ruling.</u>

The Wisconsin Court of Appeals found that the trial court did not admit the anonymous man's statements for the truth of the matter asserted (in other words, the state did not introduce it to prove that the petitioner was the person who'd been driving erratically). Dkt. No. 12-5 at ¶9. That was an important finding, because Wisconsin law defines "hearsay" as an out-of-court statement offered "to prove the truth of the matter asserted." Id. at ¶8 (citing Wis. Stat. §§908.01(3) and (4)). Rather, the court found that the prosecution used the statement to explain why what the officer did what he did *after* he obtained the statement. Id. at ¶¶8, 10. If the statements were not admitted for the truth of the matter asserted, then they were not hearsay, and their admission did not violate the Wisconsin rules of evidence.

After concluding that the statements did not constitute hearsay (because they were not offered for the truth of the matter asserted), the court of appeals noted that the circuit court had instructed the jury that it should not consider the statements for the truth of the matter asserted, but only "as an explanation as to why the officer did what he did next." Id. at ¶9. It disagreed with the

9

petitioner that the jury must have used the statements for an improper purpose, stating that "jurors can be presumed to have followed the circuit court's instructions." Id. at ¶10.

The appellate court next concluded that the anonymous man's statements were relevant to explain why the officer went to the trailer park. Id. at ¶10. The petitioner responded to that conclusion by arguing that the probative value of the statements was "substantially outweighed by the danger of unfair prejudice because the anonymous informant was the only one who identified [the petitioner] as driving the pickup truck." Id. at ¶12. The appellate court rejected this argument, pointing out that the defendant himself had told the officer that he had been driving the pickup, and that he'd been driving it on the wrong side of the road. Id. at ¶13. The officer also had found the petitioner standing outside of the truck with the door open, giving rise to an inference that he'd been driving immediately before the officer approached him. Id. For this reason, the court concluded that even if the anonymous man's statements had constituted hearsay, the admission of the statements was harmless error. Id.

Even if the standard for this court's review of a state court's evidentiary ruling were not so deferential, this court would agree with the Wisconsin Court of Appeals' conclusions. The court agrees that the anonymous man's statements were not hearsay because they were not admitted for the truth of the matter asserted; they were admitted to show why the police officer went to the trailer park to speak to the petitioner. The court also agrees that there is no

10

reason to believe that the jury did not follow the trial judge's instructions to that effect. The court further agrees that even if the statements had been hearsay, their admission would have constituted harmless error, because the jury also heard that the petitioner himself admitted to driving the truck and driving it on the wrong side of the road. The state appellate court's findings are consistent with federal law on testimonial hearsay and the Confrontation Clause, and were not clearly unreasonable or violative of federal constitutional rights.

In his reply brief, the petitioner argued that the court of appeals' decision was based on an unreasonable determination of facts, because there was no factual connection between the statement of the first witness in the case and the statement of the anonymous witness. Dkt. No. 16 at 5. The appellate court's decision recounts how the case against the petitioner began:

> Shortly after ten o'clock p.m. on the night in question, Keith Christenson contacted police to report having seen an older model, full-sized dark pickup truck weave a bit, and then cross the median and drive on the wrong side of the road before turning into a Dairy Queen parking lot. Christenson did not see the driver and could not give a more detailed description of the pickup.

Dkt. No. 12-5 at ¶2. After an officer had responded, while he was driving around the Dairy Queen, the anonymous man approached him, and told him that "an older model black pickup truck had been driving on the wrong side of the road just before it turned into the Dairy Queen parking lot . . . ." Id. at ¶3.

The petitioner emphasizes that these two witnesses were totally separate—they did not know each other, and they provided information at

11

different times. Dkt. No. 16 at 4. He insists that the two accounts were not tied together "in a factual way." Id. He argues that the court of appeals should have made a finding that the two witnesses were separate people who gave separate statements; he seems to conclude from the fact that the court did not make that specific finding that the court of appeals must have assumed that the two witnesses were the same person. He appears to urge the court to conclude that the court of appeals' conclusion that there was only one witness was an unreasonable determination of the facts which requires the court to grant his petition.

The appeals court clearly realized that there were two witnesses, and that they were not the same person. The court referred to the first witness by his name (Mr. Christenson), and to the second witness as "an anonymous man." Even if somehow the appeals court had been confused on this point, it would not have changed the Confrontation Clause analysis. The statements made by Christenson and the anonymous man were not what proved that the petitioner was operating under the influence. The defendant's own statements, and his blood alcohol level, proved that fact. The appellate court's conclusion that there were two witnesses was not an unreasonable determination of the facts.

Because the Wisconsin Court of Appeals' decision was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, and because it was not based on an unreasonable determination of the facts, the court will deny the petition.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may

issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (internal quotation marks omitted).

The court concludes that its decision to deny the writ is neither incorrect nor debatable among jurists of reason. The state appellate court made a reasonable determination of the facts and the legal conclusions in the decision are consistent with federal law.

**IV. CONCLUSION**

For the reasons explained above, the court **DENIES** the petitioner's §2254 petition, Dkt. No. 1, and **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, Wisconsin this 20th day of December, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

13

Case 2:13-cv-01443-PP   Filed 12/20/16   Page 13 of 13   Document 25